IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | § | |
|---|---|---|
| **LYLANDA McHENRY** | § | **JUDGE** _____ |
| Plaintiff | § | |
| | § | |
| v. | § | **Civil Action No.** _____ |
| | § | |
| **JP MORGAN CHASE BANK, N.A.** | § | **MAG. JUDGE** _____ |
| Defendant | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES LYLANDA McHENRY**, hereinafter called Plaintiff or **LYLANDA**, complaining of and about **JP MORGAN CHASE BANK, N.A,** (hereinafter referred to as the "**BANK**"), and for a cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff, **LYLANDA McHENRY**, is an individual who is a citizen of the Parish of Morehouse, State of Louisiana.

2.      Defendant JP MORGAN CHASE BANK, N.A., a nonresident corporation, (hereinafter referred to as the "BANK") may be served by serving the registered agent of the corporation, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, its registered office.

**JURISDICTION AND VENUE**

3.      The court has jurisdiction over the lawsuit because the suit arises under The American with Disabilities Act ("ADA") and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301 et. seq. The plaintiff was employed as a Operator/Specialist/Processor at the Monroe

Branch of the **BANK**.

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practice was committed in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) on May 30, 2019. On March 10, 2020, EEOC issued a Determination and Right to Sue on the issues. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached hereto as **Exhibit A**.

## BACKGROUND

6. Plaintiff was born with an obvious physical disability in that Plaintiff was born with thumbs on each hand, but no fingers.

7. In 2008, Plaintiff was hired as a temporary, full-time employee for Chase Works, a subdivision of **BANK** at the Monroe branch.

8. In 2013, Plaintiff became a permanent full-time, employee. Prior to October 2017, the date Susan Burrows becoming Plaintiff's supervisor, Plaintiff performed her duties without any conflicts with management, any unpleasant incidents, or any disciplinary write-ups. All performance evaluations for her tenure at the **BANK** were positive.

9. After October 2017, when the **BANK** promoted Burrows, Burrows began her harassment of Plaintiff because of Plaintiff's disability. Burrows, in two (2) separate department meetings, told over 50 employees, with Plaintiff in attendance, that if productivity did not increase, she would "cut off all your fingers."

10. Plaintiff went to Burrows after the first meeting in January, 2018, in an attempt to resolve the issue between herself and Burrows. Plaintiff told Burrows that her comment had offended and embarrassed her. Burrows refused to apologize.

11. In February, 2018, Burrows issued a written warning to Plaintiff stating that her production and quality of work was substandard and placed her on a 90-day improvement plan.

12. The second meeting took place on or about April 13, 2018, after Plaintiff was written up in February, 2018. Once again, Burrows told the employees, with Plaintiff in attendance, that "Y'all are not getting what I'm saying. Y'all are distracted and I will cut your fingers off". Immediately after the second meeting, Plaintiff went to Brenda Townsend, Burrows' Department Supervisor, in the first of two meetings, in an attempt to smooth things out between herself and Burrows. In this initial meeting with Townsend, Plaintiff told Townsend how Burrows' discriminatory comments made her feel. Townsend's response was "It's okay, my sister is that way, you know, handicapped." Townsend refused to discuss the issue any further.

13. A couple of weeks after the second meeting, a coworker of Plaintiff's, while walking past Burrows' desk, was told, "Don't talk to THAT" while Burrows was pointing toward Plaintiff. The coworker told Plaintiff. Plaintiff again went to Townsend regarding the continued harassment and discrimination from Burrows. Plaintiff told Townsend that Burrows was doubling her work load, specifically with the most difficult files, in what she felt was an effort to force her to resign from her position, and that Burrows did not want someone "like" Plaintiff working for her. Plaintiff told Townsend that the comments made by Burrows made her feel less than human, like an animal. In a response similar to her response from the earlier complaint, Townsend defended Burrows saying "I don't think she meant it like that." Townsend further stated that "I do not have time to deal with

this situation and I have known Burrows for 25 years and I do not believe she meant it that way." Townsend refused to talk about it anymore and instructed Plaintiff to go back to her desk and work.

14. Plaintiff then went to the Department Manager, Vickie Weaver, and told her about the illegal harassment and discrimination she had suffered by Burrows. Plaintiff also told Weaver that Townsend refused to intervene. Weaver's response was "Burrows is a harsh manager and has had multiple complaints against her from other employees." Weaver further stated that she would not tolerate this type of behavior and she would talk to both Burrows and Townsend.

15. The following day, on or about May 1, 2018, Weaver called Plaintiff to see how she was and told her to call Human Resources and file a complaint if the harassment continued.

16. On May 9, 2018, Burrows fired Plaintiff on the basis of poor job performance.

17. Plaintiff then filed a complaint with the EEOC on February 25, 2019. EEOC completed its investigation and issued a Dismissal and Notice of Rights on March 10, 2020.

## ADA AND LEDL DISCRIMINATION

18. The **BANK** allowed an intolerable and hostile working environment to exist which violated the federally and state protected civil rights of Plaintiff.

19. These alleged actions, and others to be proven at trial, show a pattern and practice of Defendant through its agents of discriminating against Plaintiff on the basis of her disability, having been born with two (2) thumbs and no fingers.

20. As a direct and proximate result of Defendant's conduct set forth in the foregoing paragraphs, Plaintiff has suffered lost wages, benefits and earnings in the past; past mental anguish and emotional distress; anxiety; depression; embarrassment; damage to reputation; costs and attorney's fees.

this situation and I have known Burrows for 25 years and I do not believe she meant it that way." Townsend refused to talk about it anymore and instructed Plaintiff to go back to her desk and work.

14. Plaintiff then went to the Department Manager, Vickie Weaver, and told her about the illegal harassment and discrimination she had suffered by Burrows. Plaintiff also told Weaver that Townsend refused to intervene. Weaver's response was "Burrows is a harsh manager and has had multiple complaints against her from other employees." Weaver further stated that she would not tolerate this type of behavior and she would talk to both Burrows and Townsend.

15. The following day, on or about May 1, 2018, Weaver called Plaintiff to see how she was and told her to call Human Resources and file a complaint if the harassment continued.

16. On May 9, 2018, Burrows fired Plaintiff on the basis of poor job performance.

17. Plaintiff then filed a complaint with the EEOC on February 25, 2019. EEOC completed its investigation and issued a Dismissal and Notice of Rights on March 10, 2020.

## ADA AND LEDL DISCRIMINATION

18. The **BANK** allowed an intolerable and hostile working environment to exist which violated the federally and state protected civil rights of Plaintiff.

19. These alleged actions, and others to be proven at trial, show a pattern and practice of Defendant through its agents of discriminating against Plaintiff on the basis of her disability, having been born with two (2) thumbs and no fingers.

20. As a direct and proximate result of Defendant's conduct set forth in the foregoing paragraphs, Plaintiff has suffered lost wages, benefits and earnings in the past; past mental anguish and emotional distress; anxiety; depression; embarrassment; damage to reputation; costs and attorney's fees.

## ADA AND LEDL RETALIATION

21. Plaintiff incorporates paragraphs 6-18 as part of the allegations of illegal retaliation as if fully set forth herein.

22. Plaintiff worked for several years for the Defendant with no complaints regarding her performance and no incidents of discrimination or harassment due to disability.

23. In October, 2017, there were managerial changes in the department that Plaintiff worked in. The new supervisor, Susan Burrows, immediately made it clear that she did not want to work with a handicap person, and began harassing Plaintiff. After Plaintiff's meetings with her supervisor, Ms. Burrows, the Department Supervisor, Brenda Townsend, and the Unit Manager, Vickie Weaver, the harassment intensified.

24. Upon information and belief, Defendant had knowledge of multiple employee complaints against Burrows. Defendant had knowledge from multiple witnesses of the harassment and discrimination suffered by Plaintiff, yet Defendant allowed Burrows to terminate Plaintiff without explanation even though she had worked for Defendant for ten (10) years with a clean record.

25. The actions of her supervisor and Plaintiff's termination by Burrows constitute retaliation by Defendant against Plaintiff for having reported Burrows illegal conduct to Burrows' supervisor, Brenda Townsend and the Unit Manager, Vickie Weaver and are therefore violations of the ADA and the LEDL.

## RESPONEAT SUPERIOR

Whenever in this Complaint it is alleged that the Defendant, **BANK**, did any act or thing, it is meant that the Defendant **BANK's** officers, agents, servants, employees or representatives (of which

Susan Burrows, Brenda Townsend and Vickie Weaver are senior management employees of **BANK**) did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the **BANK** or was done in the normal and routine course and scope of employment of the **BANK's** officers, agents, servants, employees or representatives.

## DAMAGES

26. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

  a. Medical expenses in the past and future.

  b. Physical pain and mental anguish in the past and future.

  c. Lost earnings.

  d. Lost benefits.

  e. Lost profits.

  f. Loss of enjoyment of life.

  g. Loss of earning capacity.

  h. Damage to credit.

  i. Front pay in an amount the Court deems equitable and just to make Plaintiff whole.

  j. Pre and post judgment interest.

  k. All reasonable and necessary attorney's fees incurred by and on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Louisiana, as the Court deems equitable and just.

      l.      Expert fees as Court deems equitable and just.

27.      Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the federal and state protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages under the ADA.

28.      Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully.

## **PRAYER**

29.      For these reasons, plaintiff asks for judgment against defendant for the following:

      a.      Actual damages in an amount to be determined by the fact finder.

      b.      Pre-judgment and post-judgment interest.

      c.      Reasonable attorney fees in an amount to be determined by the fact finder.

      d.      Front pay.

      e.      Punitive damages in an amount to be determined by the fact finder.

      f.      Costs of suit, to include, but not limited to expert fees.

      g.      All other relief the court deems appropriate.

**PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.**

**WHEREFORE**, Plaintiff, **LYLANDA McHENRY**, prays that after due proceedings herein, there be Judgment rendered in favor of Plaintiff and against Defendant, individually and jointly in and for a sum sufficient to adequately compensate Plaintiff for the damages suffered by her as a

result of the injury referred to in this Petition, together with attorneys fees and all costs of these proceedings as well as any and all other just and equitable relief.

Plaintiff, **LYLANDA McHENRY**, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

BY:  /s/ James L.Carroll
JAMES L. CARROLL, LSB# 28322
**MIXON, CARROLL, FRAZIER & McILWAIN, LLC**
107 Riser Street
P. O. Drawer 1619
Columbia, LA  71418
(318) 649-9284 – Telephone
(318) 649-0277 – Facsimile
jcarroll@MixonCarroll.com

**Please serve Defendant pursuant to Louisiana**
**Long Arm Statue at the following addresses:**

**JP MORGAN CHASE BANK, N.A.**
The Corporation Trust Company,
Corporation Trust Center,
1209 Orange Street,
Wilmington, Delaware, 19801